## Trau, Appellant, v. Sloan.

*Equity—Specific performance—Principal and agent.*

Specific performance of a written contract for the sale of real estate signed by a person purporting to be the agent of the vendor, will not be enforced where the court finds as a fact that the person signing the contract was not in fact the agent of the owner of the land with authority to enter into a written contract.

Argued Nov. 2, 1905. Appeal, No. 171, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1905, No. 933, dismissing bill in equity in case of Gus Trau and Philip Loevner, trading as Trau & Loevner v. William L. Sloan, Earl Sloan and Leopold Vilsack. Before ,MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance.

The opinion of the Supreme Court states the facts of the case.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Edward Steuer*, with him *G. K. Wright*, for appellants.

*George H. Quaill* and *J. V. Dunlevy*, for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906:

This is a bill for the specific performance of a written contract for the sale of real estate. The controlling question in the case is whether L. A. Clark & Company were authorized by William L. Sloan, the owner of the property, to enter into the agreement with the plaintiffs, who were the purchasers. The learned trial judge found as a fact and as a conclusion of law that Clark & Company were not authorized to act as the agents of Sloan in the sale of the property. We have examined with care the testimony in the case and fully agree with these findings. Before Sloan left the city of Pittsburg for California

in February, 1905, he placed all his business matters, including the sale of this property, in the hands of his son, Earl. As found by the trial court, this fact was communicated to Clark & Company by both Mr. Sloan and his son. Zinn, Clark & Company's representative, called on Mr. Sloan immediately prior to his leaving on his western trip and asked him if he would sell the property in dispute. Sloan told him he would sell but that he was about leaving for California to get a rest, and would be gone till April. Sloan then gave Zinn the net price he would accept for the property and told him that his son would be in Pittsburg during his absence, that all the dealings would have to be done through him, that his son would sign any papers and make any agreements that were to be made, and that he would keep Sloan posted as to any negotiations which might take place looking to a sale of the property. Zinn acted for Clark & Company in selling the property to the plaintiffs but at every step in the negotiations he consulted Earl Sloan and recognized him as the agent and person authorized to act for his father in consummating a sale. There is no evidence that would warrant a finding that Clark & Company were Sloan's agents to negotiate a sale of the property. The plaintiffs rely upon the telegrams in evidence for such authority, but when read in the light of the admitted facts, known and understood by all the parties interested in the transaction, they confer no agency on Clark & Company to enter into a written contract of sale, but on the contrary, in the language of the learned judge's findings, they " were intended only to express to Clark & Company the willingness of Sloan to sell the lands for $38,000 and that a commission of $500 would be paid."

The plaintiffs having failed to establish the authority of Clark & Company as Sloan's agents to enter into the written contract which they ask the court to enforce against Sloan, the court below was clearly right in refusing a decree for specific performance.

The decree is affirmed.